IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| PRINCE MCCOY, SR. | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-192 |
| RENA KEAL, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Prince McCoy, Sr., a prisoner previously confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Rena Keal, Jared Oneal, Rockella Neal, Henry Brown, Orelia Pete, Tyronya Underwood, First Name Unknown (FNU) Fornaka, Patricia Banks, Zachary Kemp, Sindu Biju, Ashlee Cooper, Jacob Dobbins, Kamri Kellum, Eric Monkam, Charles Onyenzi, FNU Ogbu, Kolawole Bamigboye, Kari Nugent, Roshanda Poullard, Tahsonda James, Michelle Boykin, Toi Carter, Joanie Fontenot, FNU Moore, and Amaya Johnson.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff alleges he was diagnosed with hypoglycemia in 2014, which requires monitoring. Plaintiff alleges members of the medical staff were required to test his blood sugar levels daily at 3:00 a.m., 11:00 a.m., and 3:00 p.m. to monitor his blood sugar levels and provide treatment. During an eighteen-month period from November 20, 2019, through May 26, 2020, Plaintiff alleges twenty-

three different prison employees who are identified as Defendants, and other prison employees who are not identified as Defendants, failed to escort him to the medical department for his monitoring appointments on forty-four occasions and brought him late to appointments on two occasions. Plaintiff alleges he filed multiple emergency grievances about his medical treatment, but those grievances were improperly screened.[1]

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

---

[1] In an effort to determine whether Plaintiff raised arguably meritorious claims that met his burden of demonstrating that he was in imminent danger, the Office of the Attorney General was ordered to prepare and file an administrative report in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). In response to the order, the Office of the Attorney General forwarded Plaintiff's relevant medical and grievance records to the court. Plaintiff was given an opportunity to file a response to the *Martinez* report, but he did not. The court relies on the allegations in Plaintiff's pleadings and the records submitted by the Office of the Attorney General to the extent that those records are not inconsistent with Plaintiff's pleadings.

555 (2007).  Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face.  *Id*. at 570.  Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim.  *Id*. at 555.  The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

<u>Analysis</u>

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002).  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983.

In order to state a cause of action under § 1983, a plaintiff must allege two elements.  "First, the Plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law."  *Gomez*, 446 U.S. at 640.

*Medical Treatment*

Plaintiff contends the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to bring him to each of his medical appointments for monitoring

and treatment of his low blood sugar. Although the Eighth Amendment does not explicitly mandate a certain level of medical care for prisoners, the cruel and unusual punishment clause has been interpreted to impose a duty on prison officials to provide inmates with adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999). A prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, whether the indifference is manifested by prison doctors or by prison guards. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

An Eighth Amendment claim consists of two components--one objective and one subjective. *Farmer*, 511 U.S. at 839. To satisfy the objective requirement, Plaintiff must prove that he was exposed to a substantial risk of serious harm. *Id.* at 834; *Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002). Plaintiff must also demonstrate that the defendants were deliberately indifferent to that risk. *See Farmer*, 511 U.S. at 834; *Lawson*, 286 F.3d at 262. The deliberate indifference standard is a subjective inquiry; Plaintiff must establish that the defendants were aware of an excessive risk to Plaintiff's health or safety, and yet consciously disregarded the risk. *Farmer*, 511 U.S. at 840-41; *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *Stewart*, 174 F.3d at 534.

Mere negligence, neglect, or medical malpractice does not rise to the level of a constitutional violation. *Domino v. Texas Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference."); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) ("[A]llegations of malpractice or negligence will never state a claim under the Eighth Amendment."); *Stewart*, 174 F.3d at 534. Nor does an inmate's disagreement with his medical treatment amount to an Eighth

Amendment violation. *Stewart*, 174 F.3d at 537; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).  "Rather, the plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'"  *Domino*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).  A delay in receiving medical treatment can constitute a constitutional violation, but only if there is deliberate indifference that results in substantial harm.  *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006).

Plaintiff's allegations fail to state a claim upon which relief may be granted.  The pleadings show that Plaintiff's complaints to staff were not routinely ignored.  Rather, there were random, isolated incidents when various correctional officers failed to transport Plaintiff to the medical department one of his thrice-daily appointments for monitoring of his blood sugar level and treatment over a six-month period of time.  Plaintiff's medical records confirm that he missed glucose testing or that it was delayed in some cases.  Nevertheless, Plaintiff's glucose levels were regularly tested during that time and were often within normal limits.  (Doc. #8-9 at 29-407.)  These allegations are insufficient to show that any of the defendants were aware that Plaintiff was subject to a substantial risk of serious harm if he was not escorted to the infirmary immediately upon his request.  Accordingly, Plaintiff's has failed to state a claims against Defendants for a violation of the Eighth Amendment.

*Grievances*

Plaintiff contends the defendants failed to properly process his emergency grievances. However, failing to investigate an inmate's complaints or resolve them to his satisfaction does not

rise to the level of a constitutional violation.  *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Therefore, these allegations do not state a claim upon which relief may be granted.

Recommendation

This civil rights action should be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court, except on grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 19th day of July, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE